UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| **RODERICK WOODS** ) | | |
| Plaintiff, ) | | |
| ) | | |
| v. ) | Civil Action No. 3:15-cv-30015 | |
| ) | | |
| **NORTHLAND GROUP, INC.**) | | |
| Defendant, ) | | |
| ) | | |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

### I.     INTRODUCTION

1. This is an action for actual and statutory damages brought by plaintiff Roderick Woods, an individual consumer, against Defendant's violations of the law, including, but not limited to violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (hereinafter ''FDCPA'') which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices; by this Defendant and its agents in their illegal efforts to collect two different consumer debts from Plaintiff.

### II.     JURISDICTION

2. Jurisdiction of this court arises under 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before, "[A]ny appropriate United States district court without regard to the amount in controversy," and also under 28 U.S.C. § 1331 and 1337.

3.  Venue in this District is proper pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claim occurred here.  Since Defendant transacts business and resides here, personal jurisdiction is established.

### III.    PARTIES

4.  Plaintiff, Roderick Woods (hereinafter "Plaintiff") is a consumer, as that term is defined by 15 U.S.C. § 1692a(3), as well as a natural person allegedly obligated to pay any debt, residing in Hampden County, in the state of Massachusetts.

5.  Defendant, Northland Group, Inc. (hereinafter "Defendant") is a collection agency and foreign corporation engaged in the business of collecting debt in this state with its principal place of business located in Hennepin County, in the state of Minnesota.

6.  Plaintiff is informed and believes, and thereon alleged, that Defendant uses instrumentalities of interstate commerce or the mails in any business, the principal purpose of which being the collection of debts.  Defendant is engaged in the collection of debts from consumers using the mail, electronic mail, facsimile, and telephone, and regularly collects or attempts to collect, directly or indirectly, debts owed or due or alleged to be owed or due another, being a ''debt collector'' as defined by the FDCPA, 15 U.S.C. § 1692a(6).

7.  At all relevant times, Defendant acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

2

## IV.    FACTUAL ALLEGATIONS

8.  Sometime before January 31, 2015, Plaintiff incurred two different financial obligations that were primarily for personal, family, or household purposes and were therefore 'debts', as that term is defined by the FDCPA, 15 U.S.C. § 1692a(5).

9.  Upon information and belief, at some point the alleged debts were consigned, placed or otherwise transferred to Defendant for collection from Plaintiff.

10.  The two debts that Defendant is attempting to collect on are alleged obligations of consumers to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligations have been reduced to judgment, as, again, defined by the FDCPA, 15 U.S.C. § 1692a(5).

11.  Defendant then, within one year prior to the filing of this complaint, began contacting Plaintiff, prior to January 31, 2015; seeking and demanding payment for both alleged consumer debts owed under different account numbers.

12.  Defendant then within one year prior to the filing of this complaint, called Plaintiff on February 3, 2014 at around 11:38 a.m. at his cell phone number ending in XXX-XXX-2634, in an attempt to collect on the alleged debt with Defendant's internal account number ending in *****5812.  Plaintiff told Defendant not to ever call him again in the

future. This was not a request in regards to that specific alleged debt, but for Defendant to itself never call Plaintiff again in the future for any reason. Defendant was free to use other means to contact Plaintiff, such as sending Plaintiff written correspondence. Defendant however, ignored Plaintiff's request, knowing that continued calls would harass and/or annoy him, and continued to call him thereafter at another one of Plaintiff's phone numbers which ended in XXX-XXX-4497. During the call on February 3, 2014, while Defendant spoke to Plaintiff in an attempt to collect debt from him, it did not specifically state that it was a debt collector, in violation of the FDCPA.

13. On December 9, 2014, Defendant in an attempt to collect on the alleged debt relating to a Discover Card account, with an account number ending in *****1011, acknowledged in writing to Plaintiff that Plaintiff's alleged debt was past the requisite statute of limitations, and told Plaintiff that it knew that the alleged debt would not be reported to any credit bureaus. The latter part of that statement was false and misleading. Plaintiff checked his credit report, and his alleged debt was in fact actively being reported by Discover with the credit bureau(s). Defendant sent Plaintiff a subsequent letter dated December 31, 2014, again acknowledging that it knew Plaintiff's alleged debt was past the statute of limitations, but not correcting its earlier statement to Plaintiff. These calls and statements by Defendant in the preceding paragraphs were "communications", as defined by 15 U.S.C. § 1692a(2), and Defendant's conduct was in violation of the FDCPA, including but not limited to 15 U.S.C. §§1692c(a)(1); §1692d, §1692e, §1692e(10), and §1692f.

## V.  CAUSES OF ACTION

**CLAIM FOR RELIEF
AND SUPPORTING FACTUAL ALLEGATIONS**

14. Plaintiff repeats, realleges, and incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

15. The foregoing acts and omissions of Defendant and its agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the provisions of the FDCPA, 15 U.S.C. § 1692 et seq., cited above, with respect to Plaintiff.

16. Defendant's acts as described above were done intentionally with the purpose of coercing Plaintiff to pay on both respective alleged debts.

17. As a result of the foregoing violations of the FDCPA in its attempts to collect on two separate alleged debts, Defendant is liable to the Plaintiff for actual damages pursuant to 15 U.S.C. § 1692k(a)(1) per each respective alleged debt, statutory damages in an amount up to $1000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A) per each respective alleged debt, and reasonable costs and attorney fees pursuant to 15 U.S.C. § 1692k(a)(3) per each respective alleged debt, from Defendant herein.

## VI. <u>PRAYER FOR RELIEF</u>

**WHEREFORE**, Plaintiff Roderick Woods respectfully requests that judgment be entered against each Defendant for the following:

A. Actual damages from Defendant pursuant to 15 U.S.C. § 1692k(a)(1) for the emotional distress suffered as a result of the intentional and/or negligent FDCPA violations; per each respective debt, in amounts to be determined at trial and for Plaintiff.

B. Statutory damages of $1000.00 per each respective debt that Defendant violated the FDCPA in regards to, from Defendant pursuant to 15 U.S.C. § 1692k(a)(2)(A).

C. Costs and reasonable attorney fees from Defendant and for Plaintiff pursuant to 15 U.S.C. § 1692k(a)(3).

D. For such other and further relief per each respective debt as the Court may deem just and proper.

Dated:  February 2, 2015

RESPECTFULLY SUBMITTED,
By: <u>/s/ Kevin Crick</u>
Kevin Crick, Esq.
BBO:  680950
Rights Protection Law Group, PLLC
8 Faneuil Hall Marketplace, Third Floor
Boston, Massachusetts 02109
Phone: (978) 420-4068
Fax: (857) 888-4062
k.crick@rightsprotect.com
**Attorney for Plaintiff**

## **DEMAND FOR JURY TRIAL**

Please take notice that Plaintiff Roderick Woods demands trial by jury in this action on all issues so triable.  US Const. amend. 7. Fed.R.Civ.P. 38.